UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL T. RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-0724-B |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT AND DALLAS COUNTY | § | |
| COMMUNITY COLLEGE DISTRICT, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Before the Court is Defendant Dallas County Community College District's ("DCCCD"), Motion to Dismiss ("Motion") (doc. 5), filed April 27, 2010. For the reasons stated below, the Court GRANTS the Motion.

## I. Background

Plaintiff, Samuel T. Russell ("Russell"), is the father of two sons who are high school students in the Dallas Independent School District ("DISD").[1] Russell's dispute with the DCCCD arises out of alleged problems his sons encountered as DISD students participating in the "Early College High School" ("ECHS") program, sponsored by DISD. As participants in the ECHS program, Russell's sons were enrolled at Cedar Valley College, part of the Dallas County Community College system. After both boys were removed from the ECHS program based on alleged poor attendance and/or

---

[1] The Court takes its factual account from the allegations contained in Plaintiff's Original Petition (Doc. 1-6). *See, e.g.*, *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (stating that when reviewing a motion to dismiss under Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true.").

poor grades, Russell filed this suit against DISD and DCCCD. Russell lodges a litany of complaints, primarily against DISD, based on actions by teachers and administrators while his sons were enrolled in the ECHS program. He accuses DISD of, *inter alia*, poor teaching methods, inaccurate record-keeping and failing to properly communicate with and address parents' concerns, all of which, Russell maintains, "caused hardships" for his sons with respect to their grades and attendance. Pl.'s Pet. ¶ 2. Russell's claims against DCCCD center on his attempts to re-enroll his sons at Cedar Valley College after they had been removed from the ECHS program. Specifically, Russell maintains that DCCCD administrators refused to re-enroll his sons in the program without written permission from the boys' current DISD high school administrators. Pl.'s Pet. ¶ 3. He maintains that DCCCD's actions in denying his sons' attempts to re-enroll amounted to "racial prejudice." Pl.'s Pet. ¶ 5.

Russell maintains that DCCCD's actions violated Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000. He also seeks relief against DCCCD under Title 42 U.S.C. § 1983. Pl.'s Pet. ¶¶ 5, 75, 91, 93. DCCCD moves to dismiss under Fed. R. Civ. P. 12(b)(6) maintaining that Russell has failed to allege a legally plausible cause of action under either statute. The Court agrees.

## II. Legal Standards

In analyzing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "A motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'" *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (quoting *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint

does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). However, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### III. Analysis

Taking all of Russell's pleaded facts as true, his claims cannot survive Rule 12(b)(6) scrutiny under the foregoing standards. First, his claims under Title VII must be dismissed because the statute simply does not apply to Russell's facts. Title VII was enacted to eradicate discrimination in the *workplace*. *Culpepper v. Reynolds Metals Co.*, 421 F.2d 888, 891 (5th Cir. 1970). Hence, the statute applies only to discrimination in the employment context. Based upon Russell's pleadings, it is abundantly clear that neither Russell nor his sons were ever employees of DCCCD or DISD. Thus, his Title VII claim must be dismissed with prejudice.

Russell's claims under 42 U.S.C. § 1983 also fall short. As a governmental entity, DCCCD is only subject to suit if in implementing a policy statement, ordinance, regulation, or official decision, it violates the Constitution. *Monell v. Dep't of Social Servs.*, 436 U. S. 658, 690 (1978); *see*

*also Mosely v. Houston Community College System*, 951 F.Supp. 1279, 1290 (S.D. Tex. 1996) (identifying a community college as a "local governmental unit"). Russell's pleadings are devoid of any allegations of an officially adopted unconstitutional custom or policy. For this reason, his § 1983 claim against DCCCD must also be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendant DCCCD's Motion to Dismiss (doc. 5) is GRANTED, and Russell's claims against DCCCD are DISMISSED. His Title VII claims are DISMISSED WITH PREJUDICE. His § 1983 claims are DISMISSED WITHOUT PREJUDICE. The Court will permit Russell one opportunity to replead his § 1983 claims, assuming he, in good faith, presents facts to support DCCCD's liability under § 1983. Russell is forewarned, however, that an amended complaint that states in conclusory terms the existence of an unconstitutional policy or custom will not suffice to satisfy his obligation under Rule 12(b)(6) and *Twombly*. If Russell decides to replead as discussed, he must file his amended complaint within twenty days of the date of this order.

SO ORDERED.

OCTOBER 14, 2010.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE