# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

SAMUEL T. RUSSELL, §
§
   Plaintiff, §
§
v. §   CIVIL ACTION NO. 3:10-CV-0724-B
§
DALLAS INDEPENDENT SCHOOL §
DISTRICT AND DALLAS COUNTY §
COMMUNITY COLLEGE DISTRICT, §
§
   Defendants. §

## MEMORANDUM OPINION

Before the Court is Defendant Dallas Independent School District's ("DISD") Motion For

Judgment on the Pleadings (doc. 13), filed June 21, 2010. For the reasons stated below, the Court

GRANTS the Motion.

## I. Background

Plaintiff, Samuel T. Russell ("Russell"), is the father of two sons who are high school students

in the DISD.[1] Russell's dispute with the DISD arises out of alleged problems his sons encountered

as DISD students participating in the "Early College High School" ("ECHS") program sponsored by

DISD. After both boys were removed from the ECHS program based on alleged poor attendance

and/or poor grades, Russell filed this suit against DISD and the Dallas County Community College

---

[1] The Court takes its factual account from the allegations contained in Plaintiff's Original Petition
(Doc. 1-6). *See, e.g., Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 725 (5th Cir. 2002)
(stating that when reviewing a motion to dismiss under Rule 12(b)(6), "all facts pleaded in the complaint
must be taken as true.").

District ("DCCCD").[2]  Russell lodges a litany of complaints, primarily against DISD, based on actions by teachers and administrators while his sons were enrolled in the ECHS program.  He accuses DISD of, *inter alia*, poor teaching methods, inaccurate record-keeping and failing to properly communicate with and address parents' concerns, all of which, Russell maintains, "caused hardships" for his sons with respect to their grades and attendance. Pl.'s Pet. ¶ 2.  Russell's causes of action against DISD include "breach of duty", breach of contract, and a violation of his civil rights under Title 42 U.S.C. § 2000.  Pl.'s Pet. ¶¶ 72-78, 80-81, 88, 89, 90, 92.  DISD moves to dismiss Russell's claims pursuant to Fed. R. Civ. P. 12(c) maintaining that Russell has not pled and cannot prove any set of facts entitling him to relief. The Court agrees.

## II. Legal Standards

A party may move for judgment on the pleadings after the pleadings are closed and when doing so would not delay the trial. Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990).  A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Procedure 12(b)(6).  *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2]  As participants in the ECHS program, Russell's sons were enrolled at Cedar Valley College, part of the Dallas County Community College system.  Russell's claims against DCCCD stem from his and his sons' interactions with DCCCD through the ECHS program.

In analyzing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "A motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'" *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (quoting *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). However, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### III. Analysis

Taking all of Russell's pleaded facts as true, his claims cannot survive scrutiny under the foregoing standards. First, his "breach of duty" claim sounds in negligence. As an independent school district, DISD is immune from negligence law suits. *Barr v. Bernhard*, 562 S.W.2d 844, 846

(Tex. 1978). The only exception to school district immunity involves motor vehicle accidents and is not applicable in this case. Tex. Civ. Prac. & Rem. Code Ann. § 101.051 (Vernon 2005). Accordingly, this "breach of duty" claim must be dismissed.

As to Russell's breach of contract claim, DISD is again entitled to immunity from suit. Immunity from breach of contract actions against governmental entities is waived only in connection with written contracts for goods and services to the governmental entity. Tex. Local Gov't Code Ann. § 271.151 (Vernon 2005). The facts, as pled by Russell, contain no hint that he or his sons were involved in a contract providing goods or services to DISD.

Russell's claims under 42 U.S.C. § 1983 against DISD also fail. As a governmental entity, DISD is only subject to suit if in implementing a policy statement, ordinance, regulation, or official decision, it violates the Constitution. *Monell v. Dep't of Social Servs.*, 436 U. S. 658, 690 (1978). Russell's pleadings are devoid of any allegations of an officially adopted unconstitutional custom or policy. For this reason, his § 1983 claim against DISD must also be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendant DISD's Motion For Judgment on the Pleadings (doc. 13) is GRANTED, and Russell's claims against DCCCD are DISMISSED. Russell's "breach of duty" claim is DISMISSED WITH PREJUDICE in that, under the facts in this case, any attempt to amend his pleadings as to this claim would be futile. *See Maa v. Rollins-Cross*, 2005 WL 81706 * 2 (N.D. Tex. 2005) (finding that pro se litigants should be given an opportunity to amend unless it would be futile for them to do so). Russell's breach of contract claim is DISMISSED WITH PREJUDICE for the same reasons. His § 1983 claims are DISMISSED WITHOUT PREJUDICE. The Court will permit Russell one opportunity to replead his § 1983 claims, assuming he, in good faith, presents facts to

support DISD's liability under § 1983. Russell is forewarned, however, that an amended complaint that states in conclusory terms the existence of an unconstitutional policy or custom will not suffice to satisfy his obligation under Rule 12(b)(6) and *Twombly*. If Russell decides to replead as discussed, he must file his amended complaint within twenty days of the date of this order.

SO ORDERED.

OCTOBER 14, 2010.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE