## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL T. RUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-0724-B |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT AND DALLAS COUNTY | § | |
| COMMUNITY COLLEGE DISTRICT, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Before the Court is Defendant Dallas County Community College District's Second Motion to Dismiss (doc. 29) and Defendant Dallas Independent School District's Motion to Dismiss Plaintiff's Amended Complaint (doc. 30), both filed November 18, 2010. Having considered the motions, the Court finds that they should be and hereby are **GRANTED.**

## I.

## BACKGROUND

Plaintiff Samuel T. Russell ("Russell") is the father of two boys in high school in the Dallas Independent School District ("DISD"). (Pl.'s Orig. Compl. ¶3). Russell's sons were participating in the Early College High School ("ECHS") program sponsored by DISD. (*Id.*). Through the program, the boys attended one semester at DCCCD's Cedar Valley College. (*Id.*). The boys were discharged from the ECHS program at the end of the semester for reasons disputed by the parties. (Pl.'s Am. Compl. ¶4, DCCCD's Br. Mot. Dismiss 3). After being discharged from the ECHS program, the boys were enrolled at South Oak Cliff High School ("SOC") but wanted to continue

attending classes at Cedar Valley College. (Pl.'s Orig. Compl. ¶3). An employee of Cedar Valley College told Russell the boys could not be admitted to the college without a letter on SOC letterhead granting them permission to enroll. (Pl.'s Orig. Compl. ¶62). Russell subsequently filed a complaint alleging that DCCCD's actions violated Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §2000, and seeking relief under Title 42 U.S.C. §1983. (Pl.'s Orig. Compl. ¶¶71-83). On October 14, 2010, the Court dismissed Russell's Title VII claims with prejudice (doc. 23, 24). The Court dismissed Russell's §1983 claims against DISD and DCCCD without prejudice, allowing Russell an opportunity to replead his §1983 claim with sufficient facts to support allegations DCCCD officially adopted an unconstitutional custom or policy. (*Id.*).

In Russell's Amended Complaint (doc. 28), Russell alleges that the refusal of admission violates his sons' rights under the Family Education Rights and Privacy Act ("FERPA") and the Ninth Amendment to the United States Constitution. (Pl.'s Am. Compl. ¶¶2, 3). For the reasons discussed below, the Court finds that the Amended Complaint fails to state a claim upon which relief can be granted and that both DCCCD's Second Motion to Dismiss and DISD's Motion to Dismiss Plaintiff's Amended complaint should be **GRANTED** accordingly.

## II.

### LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "A motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'" *Priester v. Lowndes*

*County*, 354 F.3d 414, 418 (5th Cir. 2004) (quoting *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).  A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  However, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).   The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## III.

## ANALYSIS

Taking all of Russell's pleaded facts as true, his claims cannot survive scrutiny under the foregoing standards.  In his amended pleading, Russell's only constitutional basis for the §1983 claim is that "DCCCD's acts have violated the Ninth Amendment of the United States Constitution right of fairness to its citizens by denying access to eligible residents of its county for education."  (Pl.'s Am. Compl. ¶4).  Relief under §1983 is only available where the claim is based on a specific constitutional guarantee.  *Lloyd v. Lee*, 570 F.Supp. 2d 556, 566 (S.D.N.Y. 2008)("The Ninth Amendment cannot serve as the basis for a §1983 claim because such a claim must be premised on

the violation of a right guaranteed by the U.S. Constitution or federal law."). The Ninth Amendment does not in itself confer any specific constitutional guarantee. *See Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim."). Rather, the Ninth Amendment is a residual clause, intended to be used as a rule of construction in interpreting other constitutional rights. *See, e.g., Schinzing v. City of Burleson*, 1996 U.S. Dist. LEXIS 22661, at *6 n.3 (N.D. Tex. May 22, 1996) ("The Ninth Amendment is viewed as a residual clause to the Constitution, and no cause of action exists solely for a violation of the Ninth Amendment."). Consequently, Russell's assertion of a § 1983 claim based on a constitutional right to education derived from the Ninth Amendment is not plausible on its face.

Russell also asserts a §1983 cause of action based on FERPA. (Pl.'s Am. Compl. ¶ 3). FERPA was enacted under the spending power of Congress, and makes the distribution of federal funds to state educational agencies contingent upon allowing parents of students to access their children's attendance records. 20 U.S.C. §1232g(a)(1)(B), (a)(2) (2010). The Supreme Court has held that FERPA's nondisclosure provisions do not confer an individual cause of action enforceable under §1983. *Gonzaga Univ. V. Doe*, 536 U.S. 273, 287 (2002) (holding that FERPA contains no individually enforceable rights because the nondisclosure provisions "entirely lack the sort of 'rights-creating' language critical to showing the requisite congressional intent to create new rights."). Accordingly, it is impossible for Russell to recover on this theory and the claim should be dismissed.

Even if Russell's amended complaint was based on an actionable constitutional right, Russell fails to plead any facts showing that the alleged constitutional violation was the result of an officially adopted custom or policy. Such a showing is essential to prevail on a §1983 claim because a

municipality is only subject to suit if in implementing a policy statement, ordinance, regulation, or official decision, it violates the Constitution. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). If Russell had asserted an actionable basis for his claim, the defendants still could not be held liable for the actions of one of their employees unless the employee was executing an official custom or policy. *Id.* Russell's only allegation against either DISD or DCCCD is based on a DCCCD employee telling Russell that a letter from SOC high school was required before Russell's sons could be admitted. (Pl.'s Orig. Compl. ¶ 62, Pl.'s Am. Compl. ¶ 5). Even assuming *arguendo* that this action implicates a federal right, Russell fails to plead any facts showing that the employee's comments constituted the execution of a custom or policy officially adopted by DCCCD. Absent these allegations, Russell's amended pleading fails to establish a claim upon which relief can be granted and the claim must be dismissed.

## IV.

## CONCLUSION

Russell's amended pleading offers nothing more than conclusory allegations of constitutional violations, and as such does not satisfy the requirements of Rule 12(b)(6) and *Twombly*. Russell has already been given one opportunity to amend his pleadings, and, under the facts in this case, any further attempts to amend the pleadings as to this claim would be futile. *See Maa v. Rollins-Cross*, 2005 WL 81706 *2 (N.D. Tex. 2005) (finding that pro se litigants should be given an opportunity to amend unless it would be futile for them to do so). Accordingly, Defendant DISD's and Defendant DCCCD's Motions to Dismiss are **GRANTED** and Plaintiff Russell's claims against DISD and DCCCD are **DISMISSED WITH PREJUDICE**.

SO ORDERED.

SIGNED December 13, 2010

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE